IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, 378 N. Main Avenue Tucson, AZ 85701, <br><br>Plaintiff, <br><br>v. <br><br>U.S. FISH AND WILDLIFE SERVICE, 1849 C Street, NW Washington, DC 20240, <br><br>Defendants. | Civil Action No. 1:25-cv-01029 <br><br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** <br><br>Freedom of Information Act, 5 U.S.C. § 552 |

1. On February 24, 2025, Plaintiff Center for Biological Diversity ("Center") submitted a request for records to Defendant U.S. Fish and Wildlife Service ("FWS") pursuant to the Freedom of Information Act ("FOIA"). 5 U.S.C. § 552. In violation of FOIA, FWS has failed to issue a determination and improperly withheld responsive records from the Center.

2. The Center requested records that document directives, orders, or commands issued or rescinded after January 20, 2025, from FWS or the Department of the Interior ("DOI") to temporarily or permanently halt disbursement of foreign conservation funding or grants, or to stop work under any such U.S. funding or grants.

3. The new Department of Government Efficiency ("DOGE") hosts on its website a "Wall of Receipts," which lists federal contracts, grants, and leases that have been terminated since DOGE's inception. As of April 2, 2025, the Wall of Receipts does not contain any terminated grants stemming from FWS or DOI.

4. It has been reported, however, that FWS "has frozen its vast portfolio of international conservation grants" and "ordered many of the organizations it funds to stop work

1

related to their grants and cut its communication with them."[1] Several recipients "confirmed…that they received stop-work orders."[2]

5. FWS's International Affairs Program webpage currently directs the public to "Please note: Consistent with the President's Executive Order on Reevaluating and Realigning United States Foreign Aid, we are not processing any Notices of Funding Opportunity (NOFOs) or convening any technical evaluation committees pending a review of foreign assistance programs."

6. Despite the Center's specific and narrow request, FWS has failed to provide any responsive records to the Center in accordance with FOIA. It has failed to even produce a determination as to whether it will comply with the Center's request, which FOIA requires within 20 business days of receipt of a request. 5 U.S.C. § 552(a)(6)(A)(i).

7. The Center seeks declaratory relief establishing that Defendant has violated FOIA. The Center also seeks injunctive relief ordering Defendant to provide the Center with all responsive records without further delay.

## JURISDICTION AND VENUE

8. This Court has jurisdiction over this matter pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331 because this action arises under FOIA and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

---

[1] Benji Jones, *Leaked Emails Show the Nation's Leading Wildlife Agency has Halted Critical Funding for Conservation*, Vox (Feb. 14, 2025, 3:00 PM PST), https://www.vox.com/down-to-earth/399957/fish-wildlife-service-trump-funding-freeze (last accessed April 2, 2025).
[2] *Id*.

9. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

10. Declaratory relief is appropriate under 28 U.S.C. § 2201.

11. Injunctive relief is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 2202.

## PARTIES

12. Plaintiff Center for Biological Diversity is a national, non-profit conservation organization with headquarters in Tucson, Arizona and offices and staff throughout the United States and in Mexico. The Center works through science, law, and policy to maintain and increase protections for air and water; plants, animals, and their native habitats; a livable climate; public lands; and healthy communities in the United States and abroad. The Center has more than 93,000 active members throughout the United States and the world. The Center's International Program specifically focuses on protecting foreign imperiled species, including from unsustainable trade and on raising awareness regarding the risk of disease to humans from wildlife exploitation.

13. The Center is the requester of the information and records at issue. The Center and its members are harmed by Defendant's violations of FOIA because such violations preclude the Center from gaining a full understanding of FWS's recent disruption of U.S.-funded foreign conservation activities. Defendant's failure to comply with FOIA harms the Center's ability to provide full, accurate and current information to the public on a matter of public interest. This information and the Center's analysis of it is crucial to inform and prioritize the Center's organizational strategy, including determining which species may require additional study, scientific research, advocacy for domestic and international protections, and increased public

education. The Center will also use the requested records to inform Congressional representatives and their staffs about threats to imperiled species. Absent this information, the Center cannot fully advance its mission to protect species and their habitats.

14. Defendant U.S. Fish and Wildlife Service is an agency of the U.S. government within the U.S. Department of the Interior. FWS's International Affairs Program "provide[s] financial and technical support through partnerships to combat threats to wildlife habitats and strengthen capacity for conservation around the world…"[3] FWS is in possession and control of records responsive to the Center's FOIA request, and as such, it is subject to FOIA pursuant to 5 U.S.C. § 552(f) and is responsible for fulfilling the Center's FOIA request to it.

## STATUTORY BACKGROUND

15. FOIA requires agencies of the federal government to promptly release requested records to the public unless one or more specific statutory exemptions applies. 5 U.S.C. § 552.

16. FOIA places the burden on the agency to show that it may withhold responsive records from a requester. *Id.* § 552(a)(4)(B).

17. Within 20 working days of receiving a request, an agency must determine if it will release requested records and notify the requester of its determination and the reasons therefore, the right to seek assistance from the FOIA Public Liaison, and the right to appeal an adverse agency determination. *Id.* § 552(a)(6)(A)(i). In "unusual circumstances," an agency may extend the time to make a determination by no more than 10 additional working days, but it must

---

[3] International Affairs Webpage, United States Fish and Wildlife Service, https://www.fws.gov/program/international-affairs (last accessed April 6, 2025).

provide written notice to the requester setting forth the unusual circumstances for the extension and "the date on which a determination is expected to be dispatched." *Id.* § 552(a)(6)(B)(i).

18. Under FOIA, "unusual circumstances" are defined as "the need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request[,]" or "the need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request[,]" or "the need for consultations…with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein." *Id*. § 552(a)(6)(B)(iii).

19. If the agency provides written notice that the request cannot be processed within the specified time limit, the agency shall provide "an opportunity to limit the scope of the request so that it may be processed within" the statutory time limit or "an opportunity to arrange with the agency an alternative time frame for processing the request or a modified request" and shall make available its FOIA Public Liaison" to "assist in the resolution of any disputes between the requester and the agency." *Id.* § 552(a)(6)(B)(ii).

20. FOIA requires each agency to make reasonable efforts to search for records in a manner that is reasonably calculated to locate records that are responsive to the FOIA request. *Id.* § 552(a)(3)(C)–(D).

21. FOIA requires federal agencies to promptly disclose the requested records. *Id.* § 552(a)(3)(A), (a)(6)(C)(i).

22. In certain limited instances, records may be withheld pursuant to nine specific exemptions. *Id.* § 552(b). These exemptions must be narrowly construed in light of FOIA's dominant objective of disclosure, not secrecy.

5

23.     FOIA provides this Court jurisdiction "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* § 552(a)(4)(B).

24.     If the agency can demonstrate "exceptional circumstances" and that it is exercising due diligence in responding to the request, FOIA authorizes this Court to retain jurisdiction and allow the agency additional time to complete its review of the records. *Id.* § 552(a)(6)(C)(i). Exceptional circumstances cannot be a "delay that results from a predictable agency workload . . . unless the agency demonstrates reasonable progress in reducing its backlog of pending requests." *Id.* § 552(a)(6)(C)(ii).

## STATEMENT OF FACTS

25.     On February 24, 2025, the Center submitted to FWS a FOIA request for records from January 20, 2025, to the date that FWS conducts the relevant search as follows:

(1) Any directives, orders, or commands issued after January 20, 2025 from the U.S. Fish and Wildlife Service or the Department of the Interior to temporarily or permanently halt disbursement of foreign conservation funding or grants;
(2) Any directives, orders, or commands issued after January 20, 2025 from the U.S. Fish and Wildlife Service or the Department of the Interior to temporarily or permanently direct recipients of foreign conservation funding or grants to stop work under any U.S. funding or grants;
(3) Any directives, orders, or commands issued after January 20, 2025 from the U.S. Fish and Wildlife Service or the Department of the Interior rescinding any halt on disbursement of foreign conservation funding or grants; and
(4) Any directives, orders, or commands issued after January 20, 2025 from the U.S. Fish and Wildlife Service or the Department of the Interior rescinding any direction to recipients of conservation funding or grants to stop work under those U.S. funding or grants.

26.     On the same day, February 24, 2025, DOI acknowledged that it had received the Center's FOIA request and assigned the request a control number, DOI-2025-004098.

27. On March 17, 2025, FWS sent a letter to the Center, granting the Center's fee waiver request and informing the Center that its request fell into the "Complex processing track." FWS stated that it expected to "dispatch a determination" by May 20, 2025.

28. FWS has not provided a determination to the Center describing the scope of the records it intends to produce or withhold, explained the reasons for withholding any records, or informed the Center that it may appeal any specific adverse determination within the relevant time periods in 5 U.S.C. § 552(a)(6)(A)(i) or § 552(a)(6)(B).

29. FWS has not disclosed any records to the Center pursuant to its February 24, 2025, request, tracking number DOI-2025-004098.

30. The Center is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i).

31. FWS has no lawful basis under FOIA for its delay and has provided no lawful basis to withhold the records the Center requested in its February 24, 2025, request, tracking number DOI-2025-004098.

32. The Center has been required to expend resources to prosecute this action.

## CLAIMS FOR RELIEF
## FIRST CLAIM FOR RELIEF

**FWS Failed to Comply with FOIA's Mandatory Determination Deadline**

33. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

34. The Center properly requested records within the control of FWS through its February 24, 2025, request to FWS, tracking number DOI-2025-004098.

35. The Center has a statutory right to a lawful final determination from FWS on the Center's FOIA request, DOI-2025-004098, in a manner that complies with FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

36. FWS has violated the Center's rights in this regard by unlawfully delaying its determination beyond the deadline that FOIA mandates. *Id.*

37. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's right to a timely determination, for this records request and future records requests, under FOIA.

38. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## SECOND CLAIM FOR RELIEF

### FWS Failed to Conduct an Adequate Search for Responsive Records

39. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

40. The Center has a statutory right to have FWS process the Center's FOIA request in a manner that complies with FOIA. 5 U.S.C. § 552(a)(3).

41. FWS violated the Center's rights in this regard by unlawfully failing to conduct an adequate search that was reasonably calculated to locate all records that are responsive to the Center's FOIA request. *Id.*

42. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's rights to receive public records, for this records request and future records requests, under FOIA.

43. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## THIRD CLAIM FOR RELIEF

### FWS Failed to Promptly Disclose All Responsive Records

44. Plaintiff re-alleges and incorporates by reference the allegations made in all preceding paragraphs.

45. The Center has a statutory right to the prompt disclosure of requested records. 5 U.S.C. § 552(a)(3)(A).

46. FWS has violated the Center's rights in this regard by withholding records that are responsive to the Center's FOIA request, having provided no lawful basis to withhold the records pursuant to any of FOIA's nine exemptions to mandatory disclosure or to withhold any segregable, nonexempt portion of the records. *See id.* § 552(a)(8)(A), (b)(1)–(9).

47. Unless enjoined and made subject to a declaration of the Center's legal rights by this Court, FWS will continue to violate the Center's rights to receive public records, for this records request and future records requests, under FOIA.

48. The Center is entitled to reasonable costs of litigation, including attorney fees, pursuant to FOIA. *Id.* § 552(a)(4)(E).

## PRAYER FOR RELIEF

Plaintiff respectfully requests this Court to grant the following relief:

(1) Declare that the Defendant violated the Freedom of Information Act by failing to lawfully satisfy Plaintiff's FOIA request, submitted on February 24, 2025, tracking number DOI-2025-004098;

(2)     Order the Defendant to immediately make a determination on Plaintiff's February 24, 2025, FOIA request;

(3)     Order the Defendant to search for any and all responsive records to Plaintiff's FOIA request, submitted on February 24, 2025, tracking number DOI-2025-004098, using search methods reasonably likely to lead to discovery of all responsive records with the cut-off date for such search being the date the search is conducted;

(4)     Order the Defendant to produce, by a date certain, all nonexempt responsive records or segregable portions of the records and a *Vaughn* index of any responsive records or portions of responsive records withheld under a claim of exemption, at no cost to Plaintiff;

(5)     Enjoin the Defendant from continuing to withhold any nonexempt responsive records or segregable portions of the records;

(6)     Retain jurisdiction of this action to ensure the processing of Plaintiff's FOIA requests and that no agency records or portions of the records are improperly withheld;

(7)     Award Plaintiff its costs and reasonable attorney fees pursuant to 5 U.S.C. § 552(a)(4)(E) or 28 U.S.C. § 2412; and

(8)     Grant such other and further relief as the Court may deem just and proper.

DATED:     April 7, 2025            Respectfully submitted,

/s/ Jason C. Rylander
Jason C. Rylander (D.C. Bar No. 474995)
Center for Biological Diversity
1411 K Street, NW Suite 1300
Washington, DC 20005
Tel: (202) 744-2244
jrylander@biologicaldiversity.org

*Attorney for Plaintiff*